**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DONALD L. MAY,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:09-cv-1294-Orl-28KRS**

**ERIC RICE, CITY OF KISSIMMEE,**

        **Defendants.**
_____

# ORDER

Plaintiff brings the instant action against Eric Rice and the City of Kissimmee. In his Complaint (Doc. 2), Plaintiff asserts one count against Rice pursuant to 42 U.S.C. § 1983, alleging that Rice—acting as a police officer for the City—violated his Fourth Amendment right to be free from false imprisonment, and one count against the City, alleging false imprisonment and false arrest under state law. The case is before the Court on the Motion to Dismiss (Doc. 4) filed by the City and Plaintiff's Memorandum of Law in Opposition (Doc. 9) thereto.

In its motion, the City avers that Plaintiff fails to state a claim for which relief can be granted in Count II,[1] arguing that in that count Plaintiff is alleging a negligence claim against the City where no duty was owed to him by the City. (See Doc. 4 at 3). However, Plaintiff's

---

[1] As noted by the City, (Doc. 4 at 2), and acknowledged by Plaintiff, (Doc. 9 at 1), Count II is, curiously, mislabeled as "Count VI" in the Complaint.

claim in Count II sounds in false arrest.  As correctly noted by Plaintiff, malice is not an element of false arrest, and the City can potentially be held liable for Rice's allegedly false arrest of Plaintiff.  See § 768.28(9)(a), Fla. Stat. (providing that exclusive remedy for tort committed by officer lies against governmental entity rather than against officer unless act was committed in bad faith or with malicious purpose).  Accordingly, the City's Motion to Dismiss (Doc. 4) is **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida this 28th day of September, 2009.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party